UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES DOUGLAS SCOTT,

Defendant.

NO. CR-09-131-EFS

**ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE AND DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court, without oral argument, are Defendant James Douglas Scott's Motion to Continue Trial, filed June 3, 2010 (Ct. Rec. 165), and Motion to Dismiss, filed June 1, 2010 (Ct. Rec. 160). For the reasons given below, the Court denies the motion to dismiss and grants the motion to continue.

**I. Motion to Dismiss**

**A.   Background**

The United States Attorney's Office ("USAO") filed a criminal complaint against Mr. Scott on September 10, 2009, and Defendant's initial appearance occurred that same day. On Mr. Scott's motion, his bail hearing was continued twice, first on September 14, 2009, next on September 24, 2009. On September 23, 2009, the USAO filed the Indictment, and the next day Defendant was arraigned. On October 5, 2009, Mr. Scott appealed the Magistrate Judge's order denying pretrial release. While

ORDER ~ 1

1  that motion was pending, Mr. Scott filed his first motion to continue,

2  which was granted. The Court excluded all time from October 26, 2009, the

3  date of the continuance request, to February 1, 2010, the new trial date,

4  making specific findings of fact that the period was excludable. Mr.

5  Scott filed his second motion to continue on December 14, 2009; the Court

6  granted it on December 22, 2009, and excluded all time until the new

7  trial date of March 29, 2010.

8      On January 27, 2010, Mr. Scott filed a Federal Rule of Criminal

9  Procedure 12.2(a) notice of intent to raise a temporary insanity defense.

10  The next day, the USAO moved for a psychiatric examination under 18

11  U.S.C. § 4242, which the Court granted. The Court excluded the entire

12  period for the examination until the evaluators returned their report on

13  May 10, 2010. Meantime, Mr. Scott filed a motion to present expert

14  testimony out of order, which was denied on May 10, 2010. Mr. Scott also

15  filed a motion to allow private transportation back from the evaluation

16  facility to his treatment center in Los Angeles on May 10, 2010, and the

17  Court denied that motion on May 18, 2010. On June 1, 2010, Mr. Scott

18  filed the motion under consideration, and two days later he filed his

19  third motion to continue.

20  **B. Discussion**

21      Under sections 3161(c)(1) and 3162(a)(2) of the Speedy Trial Act,

22  a court must dismiss an indictment if more than seventy days pass between

23  the indictment and trial. Nevertheless, the statute excludes certain

24  periods from the seventy-day period because some delays are inevitable

25  and necessary.

26

ORDER ~ 2

1    Some periods are excluded automatically. Among these are "any delay
2 resulting from any proceeding, including any examinations, to determine
3 the mental competency . . . of the defendant" and "delay resulting from
4 any pretrial motion, from the filing of the motion through the conclusion
5 of the hearing on, or other prompt disposition of, such motion." 18
6 U.S.C. § 3161(h)(1)(A), (D); *United States v. Bloate*, 130 S. Ct. 1345,
7 1352 (2010).  Additionally, up to ten days of travel to or from places
8 of examination are excluded automatically. 18 U.S.C. § 3161(h)(1)(F). Up
9 to thirty days are presumed to be a reasonable, automatically excluded
10 time for the court to decide motions under advisement. *Id.* §
11 3161(h)(1)(H).

12    Delays not specifically listed as automatically excluded are
13 excludable only if the Court makes specific findings of fact. *Bloate*, 130
14 S. Ct. at 1351. To exclude delays resulting from case complexity, for
15 example, the Court must find that "the ends of justice outweigh the best
16 interest of the public and the defendant in a speedy trial." 18 U.S.C.
17 § 3161(h)(7)(A), (B).

18    According to Mr. Scott's calculations, more than seventy non-
19 excluded days passed between his indictment and June 1, 2010, the day he
20 filed his motion to continue, including approximately two months
21 beginning on the previous trial date of March 29, 2010.[1] Mr. Scott argues
22 that delays resulting from a psychiatric evaluation to determine insanity
23
24    [1] It is undisputed that all time from October 26, 2009, the date Mr.
25 Scott first moved to continue, until March 29, 2010, the second
26 rescheduled trial date, is excluded.

ORDER ~ 3

1  at the time of the offense under 18 U.S.C. § 4242 are not automatically

2  excluded under § 3161(h)(1)(A) as the time for an examination to

3  determine the defendant's mental competency. He asserts that the Court

4  must make specific findings of fact in order to exclude such delays.

5  Because the Court did not make specific findings of fact when it excluded

6  his evaluation period (Ct. Rec. 123), he argues that dismissal is

7  appropriate.

8      Both components of this argument are incorrect. The Ninth Circuit

9  squarely held that an examination to determine "mental competency" in the

10 context of § 3161(h)(1)(A) includes an examination to determine insanity

11 at the time of the offense. *United States v. Stone*, 813 F.3d 1536, 1539

12 (9th Cir. 1987). The entire period of the evaluation, from the time a

13 defendant files a Rule 12.2(a) notice until the evaluator delivers a

14 report, is excludable. *Id.* No specific findings of fact are necessary to

15 exclude that time. *Id.* Mr. Scott filed his Rule 12.2(a) notice on January

16 27, 2010; the evaluator filed its report on May 10, 2010. That entire

17 period, plus an additional ten days for travel, is automatically

18 excluded.[2]

19     This interpretation is not only binding precedent, but comports with

20 straightforward logic and principles of statutory interpretation. The

21

22     [2] 18 U.S.C. § 4247(b) limits § 4242 evaluations to forty-five days,

23 plus a thirty-day extension if necessary. The entire evaluation period

24 is excludable under § 3161(h)(1)(A), however, even if it exceeds the

25 total period allowed under § 4242. *United States v. Miranda*, 986 F.2d

26 1283, 1285 (9th Cir. 1993).

ORDER ~ 4

1  Court is required to grant the USAO's motion for a psychiatric

2  examination under 18 U.S.C. § 4242 after the defendant files a Rule

3  12.2(a) notice of a temporary insanity defense. To require the Court to

4  grant the examination, but not to exclude the time automatically, defies

5  reason. Mr. Scott's reading places the Court in the untenable position

6  of choosing between dueling statutory obligations to order a psychiatric

7  examination and to comply with the Speedy Trial Act. Moreover,

8  "'[c]ompetency' is often used interchangeably to denote both sanity at

9  the time of an offense and ability to assist in the preparation of one's

10  own defense . . . It would circumvent Congress' intention to provide for

11  a period allowing delays for mental examinations if we interpreted the

12  statute to exclude time for this relatively common and often lengthy type

13  of examination." *United States v. Crosby*, 713 F.2d 1066, 1078 (5th Cir.

14  1983). Because words are ordinarily interpreted according to their

15  ordinary, contemporary, common meaning unless specially defined, the

16  Court holds that § 3161(h)(1)(A) automatically excludes time for

17  psychiatric examinations to determine both current competency and

18  insanity at the time of the offense. *United States v. Maciel-Alcala*, 598

19  F.3d 1239, 1242 (9th Cir. 2010) (citing the plain meaning rule) (citation

20  omitted).

21      Additionally, even if the examination period is not automatically

22  excluded and requires specific findings of fact, the Court found in its

23  May 24, 2010 text order that the ends of justice served by exclusion of

24  that period outweigh the best interest of the public and Mr. Scott in a

25  speedy trial (Ct. Rec. 155). It does so now as well. Although the best

26  practice is to make such findings at or near the time a continuance is

ORDER ~ 5

1  granted, the Speedy Trial Act is satisfied if a court sets forth its

2  reasons for granting a continuance for the first time in its denial of

3  a motion to dismiss the indictment. *Zedner v. United States*, 547 U.S.

4  489, 506–07 (2006); *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir.

5  1984).

6      The Court assumes, without deciding, that no time between the

7  indictment (September 24, 2009) and the first motion to continue (October

8  26, 2009), or between the end of the examination period, including travel

9  time (May 20, 2010), and the current trial date (June 24, 2010) is

10  excluded. Using those dates, thirty-two days passed during the first

11  period, and thirty-five days will have passed during the second. The

12  total number of days is therefore sixty-seven, fewer than the Speedy

13  Trial Act's limit. Accordingly, Mr. Scott's motion to dismiss is denied.

14                    **II. Motion to Continue**

15      Defense counsel Robert Fischer seeks a forty-five-day trial

16  continuance to provide time for supplemental expert evaluation of Mr.

17  Scott. In connection with the motion, Mr. Scott filed a Statement of

18  Reasons in Support of the Motion to Continue in which he personally

19  requests a continuance and asserts a belief that the continuance is

20  needed. (Ct. Rec. 169.) The USAO does not oppose a continuance.

21      The Complaint was filed on September 10, 2009. (Ct. Rec. 1.) The

22  indictment was filed on September 23, 2009. (Ct. Rec. 25.) Current

23  defense counsel appeared on September 11, 2009. Mr. Scott's two prior

24  continuance requests were granted. (Ct. Recs. 44 & 74.)

25      To ensure Mr. Fischer is afforded adequate time for expert

26  evaluation and trial preparation, the Court grants the motion, extends

ORDER ~ 6

1  the pretrial motion deadline, and resets the currently-scheduled pretrial

2  conference and trial dates. The Court finds Mr. Scott's continuance

3  request is knowing, intelligent, and voluntary and that the ends of

4  justice served by granting a continuance outweigh the best interest of

5  the public and Defendant in a speedy trial. The delay resulting from

6  defense counsel's motion is therefore excluded under the Speedy Trial

7  Act.

8        Accordingly, **IT IS HEREBY ORDERED:**

9        1. Defendant's Motion to Dismiss **(Ct. Rec. 160)** is **DENIED.**

10        2.  Defendant's Motion to Continue Trial **(Ct. Rec. 165)** and related

11  Motion to Expedite **(Ct. Rec. 167)** are **GRANTED**.

12        3.   The Court finds, given Mr. Fischer's need for time to have

13  experts evaluate Mr. Scott and to prepare for trial, that failing to

14  grant a continuance would result in a miscarriage of justice and would

15  deny Mr. Fischer the reasonable time necessary for effective preparation,

16  taking into account the exercise of due diligence. *See* 18 U.S.C.

17  § 3161(h)(7)(B)(i), (iv).  The Court, therefore, finds that the ends of

18  justice served by granting a continuance in this matter outweigh the best

19  interest of the public and Defendant in a speedy trial.  *See* 18 U.S.C.

20  § 3161(h)(7)(A).

21        4.  No later than **June 17, 2010,** counsel shall meet and confer to

22  discuss discovery disclosures.  No later than **June 21, 2010,** the parties

23  shall file a joint report with the Court that sets forth:

24            A)   the date(s) exhibit lists will be exchanged;

25            B)   the date(s) expert reports will be exchanged;

26

ORDER ~ 7

C)    the date the Government will disclose grand jury transcripts; and

D)    the date the Government will disclose its final pretrial witness list, which shall occur no less than one week before the pretrial conference.

*See* FED. R. CIV. P. 16 (2008); *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).   On each applicable disclosure deadline (with the exception of the grand jury transcripts), counsel shall email copies  of the expert report(s), exhibit list(s), and/or the USAO's final pretrial witness list to SheaOrders@waed.uscourts.gov and then electronically file a Notice of Compliance with this requirement.

5.   All pretrial motions, including motions *in limine* and *Daubert* motions, must be filed and served **NO LATER THAN June 24, 2010.** Responses and replies to any motions shall be filed and served in accordance with Local Rule 7.1(c) and (d).

6.   The **pretrial conference** is **SET** for **July 15, 2010,** at **8:30 a.m.** in **Spokane,** Washington.   At this hearing, the Court will hear all pretrial motions, including motions *in limine* and *Daubert* motions.

7.   Trial briefs, requested voir dire, and **joint** proposed jury instructions shall be filed and served **NO LATER THAN July 23, 2010.**

A)    Trial briefs shall not exceed twenty (20) pages without prior court approval.   LR 39.1.   To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

ORDER ~ 8

1    B)   Requested voir dire shall not duplicate information

2         elicited in the Clerk's Office Jury Questionnaire

3         ("COJQ") and the Court's seven-question sheet, which the

4         jurors will answer orally in open court during voir dire.

5         *See* previously-filed Court's Criminal Jury Trial

6         Procedures Letter.  <u>Any questions in addition to those in</u>

7         <u>the COJQ that counsel suggest should be sent pretrial to</u>

8         <u>the entire jury panel must be filed no later than four</u>

9         <u>weeks before trial.</u>

10   C)   Jury instructions shall (1) address issues that are

11        unique to the case and (2) include instructions regarding

12        the elements of each claim or defense **and a proposed**

13        **verdict form.**  In addition to the parties' joint proposed

14        jury instructions, the Court will only accept a party's

15        individual proposed jury instructions on those

16        points/issues upon which the parties could not agree.

17        Duplicative individual proposed jury instructions shall

18        not be filed.

19   8.   The **jury trial** is **RESET** from **June 24, 2010**, to **August 2, 2010**,

20   at **9:00 a.m.** in **Spokane**, Washington.  **Counsel shall meet with the Court**

21   **in Chambers at 8:15 a.m. on the day of trial**.  **Any motions unaddressed**

22   **at the pretrial conference shall be heard in open court on the day of**

23   **trial at 8:30 a.m., at which time Defendant shall be present.**

24   9.   Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the Court

25   **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from

26   **June 3, 2010**, the date Mr. Fischer moved to continue, through **August 2,**

ORDER ~ 9

1   **2010,** the new trial date, as the period of delay granted for adequate

2   preparation by counsel.

3       **IT IS SO ORDERED.**  The District Court Executive is directed to enter

4   this Order and to provide copies to all counsel, the U.S. Probation

5   Office, the U.S. Marshals, and the Jury Administrator.

6       **DATED** this _____9th_____ day of June 2010.

7

8                          s/ Edward F. Shea
                           EDWARD F. SHEA
9                   United States District Judge

10

    Q:\Criminal\2009\131.continue.dismiss.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 10