```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES D. SCOTT,<br><br>        Defendant. | NO. CR-09-131-EFS<br><br>**ORDER ENTERING RULINGS FROM OCTOBER 1, 2010 HEARING, INCLUDING DIRECTING TRANSPORT BY U.S. MARSHAL** |

A hearing occurred in the above-captioned matter on October 1, 2010. Having waived his right to be present, Defendant James D. Scott did not attend, but was represented by Robert Fisher. K. Jill Bolton appeared on behalf of the United States Attorneys' Office ("USAO"). Before the Court were Defendant's Renewed Motion for Order Compelling Discovery/Alternatively to Grant Order to Issue Subpoenas (Ct. Rec. 232), Motion to Modify Conditions of Release (Ct. Rec. 252), Motion in Limine (Ct. Rec. 256), Motion for Jury to View Crime Scene (Ct. Rec. 257), Oral Motion to Continue Trial, and Motion to Extend Pretrial Motions Deadline (Ct. Rec. 259). After reviewing the submitted material and applicable authority and hearing from counsel, the Court was fully informed. This Order serves to memorialize and supplement the Court's oral rulings.

ORDER ~ 1

**A. Defendant's Renewed Motion for Order Compelling Discovery/Alternatively to Grant Order to Issue Subpoenas**

Defendant renews his motion for an Order directing the Government to provide, or alternatively to issue subpoenas for 1) all medical records for the victims, Nurses Hoffman and Best; 2) information on all known witnesses; and 3) VMAC standard procedures and the victims' personnel files to which subpoenas were initially ordered, but later quashed.

### 1. Victim's Medical Records

In light of new information indicating that the victims had undergone surgery after medical records disclosure, Defendant seeks copies of all medical records relating to the victims. The USAO opposes Defendant's motion, citing victims' privacy concerns. To the extent that the victims' medical records contain descriptions of the incident, the degree of resulting injury, and any similar past injury, they are relevant and discoverable under Federal Rule of Criminal Procedure 16. Accordingly, the Court **GRANTS** Defendant's request; the USAO shall provide any of the victims' medical records indicating bodily injury for copying. Both parties must, however, respect the privacy rights of the victims and the Court will sanction any party who does not.

### 2. All Known Witnesses

Defendant renews his request that the USAO provide a list of employees who were present at the VAMC emergency room on the night of the incident, August 19, 2009, and any reports pertaining to those witnesses. The Court **GRANTS** Defendant's request consistent with the Court's February

11, 2009 Order recognizing that witness lists are properly obtained through discovery. (Ct. Rec. 123.)

### 3. VAMC Standard Procedures and Victim Personnel Files

Defendant requests that the USAO provide copies of the victims' entire personnel files and VMAC standard procedures. Alternatively, Defendant asks the Court to issue a subpoena to retrieve those documents. By Order dated February 11, 2010, the Court found that those documents would not be appropriately disclosed by subpoena because they are irrelevant to any charge or defense in this case. (Ct. Rec. 123.) The Court found that discovery is the appropriate method of disclosure because their only potential use is for impeachment. *Id*.

Defendant now believes that VAMC procedures and the victims' personnel files are relevant to the issue of causation. To support his new position, Defendant points to authority suggesting that the victims' failure to follow VAMC procedures was an extraordinary, supervening cause of injury, and that VMAC policies and personnel files are relevant to that question. In *United States v. Pineda-Doval*, the defendant was charged with, and convicted of, transporting illegal aliens which resulted in death. 2010 U.S. App. LEXIS 16494 (9th Cir. Aug. 10, 2010). In that case, the defendant eluded police while driving a car filled with twenty illegal immigrants. When police deployed a spike strip, the car rolled and ten people died. *Id*. at 2-7. The Ninth Circuit concluded that the USAO must prove beyond a reasonable doubt that the defendant's conduct was the proximate cause of the victims' deaths. *See id.* at 19. The Ninth Circuit found that border patrol policies were relevant to that question.

ORDER ~ 3

1    Here, unlike in *Pineda-Doval*, Defendant has failed to demonstrate
2 that there was a supervening cause of the assault, and that the VAMC
3 policy manual is relevant to that issue.  In *Pineda-Doval,* the vehicle
4 was driving straight down the road.  All the evidence indicated that the
5 vehicle would not have rolled but for the throwing of the spike strip.
6 Here, Defendant was highly intoxicated.  There is little, if any,
7 evidence to suggest that the victims' actions caused their own injuries,
8 or how VAMC's policies are relevant to that question.  Thus, VAMC
9 policies are not discoverable.

10   As for the victims' personnel files, the Court will review those
11 documents in camera to determine whether they refer to aggressive or
12 provocative behavior by the victims, which may bear relevance to the
13 instant incident.  Accordingly, Defendant's motion is **GRANTED IN PART**.
14 The USAO must submit the victims' personnel files for in camera review
15 **no later than Monday, October 4, 2010.**

16 **B.   Defendant's Motion to Modify Conditions of Release**

17   Defendant asks the Court to modify its previous Order setting
18 release conditions (Ct. Rec. 87), to allow Defendant to reside with his
19 father in Post Falls, Idaho, before and during trial.  Defendant
20 currently resides at New Directions facility in Los Angeles, California,
21 where he has been sober for thirteen (13) months.  The USAO opposes
22 Defendant's motion, citing the victims' and the public's safety as
23 concerns.  The USAO further argues that the proposed plan does not comply
24 with Defendant's release conditions, one of which sets forth post-release
25 treatment:

26

ORDER ~ 4

> Prior to release from inpatient treatment, an outpatient treatment program must be presented to the court. If defendant does not have a court-permitted, structured outpatient treatment program in place prior to conclusion of inpatient treatment, Defendant automatically will go back into the custody of the U.S. Marshal.

(Ct. Rec. 87 at 5).

There is no dispute that Defendant suffers from PTSD and alcoholism, which were chronic and untreated until July 2009. From the inception of this case, the Court has believed it necessary for Defendant to receive intensive treatment for those issues. And although Defendant has progressed while at New Horizons treatment facility, the plan advanced by Defendant is unsatisfactory because it is not sufficiently structured to ensure that Defendant will continue to receive treatment and not have access to alcohol. In light of Defendant's significant alcohol abuse, which could worsen while under the stress of the upcoming federal criminal trial, the Court **DENIES** Defendant's request. Defendant shall remain at the New Directions facility in Los Angeles until ten (10) days before trial, at which time he shall be remanded to the custody of the U.S. Marshal for transport to and residence at Spokane federal prison.

**C. Defendant's Motions in Limine**

    **1. Defendant's Prior Convictions and Acts**

Defendant moves the Court for an Order excluding certain evidence referred to in Dr. Nybo's report, arguing that it is irrelevant and improper under Federal Rules of Evidence 404, 608, and 609, which govern admissibility of evidence of prior conduct. Defendant also argues that it should be excluded under Rule 403 because it is more likely to confuse the jury than to be probative.

ORDER ~ 5

Federal Rule of Evidence 404(b) states that character evidence may be admissible for purposes other than the defendant's criminal propensity, which includes,

> proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Defendant asks the Court to exclude any evidence of two warrants for Defendant's arrest which were outstanding at the time of the incident, Defendant's application for or receipt of Veterans Administration disability benefits, and Defendant's firing from his nursing position in Maryland for abuse of patient-prescribed medications. In response, the USAO argues that the evidence may be relevant and admissible, depending on the nature of the defense presented during trial. The Court agrees and **DENIES AS MOOT** Defendant's motion **WITH LEAVE TO RENEW** at trial. The Court also recognizes that evidence of Defendant's substance abuse history is relevant to the issue of whether he was able to form conscious thought and therefore, this evidence is admissible to prove one or more purposes under 404(b). The USAO shall notify Defendant of its intent to introduce 404(b) evidence in a reasonable manner and with reasonable specificity before trial.

**2.  Exclusion of Witnesses at Trial**

Defendant asks the Court to exclude all testifying witnesses from the courtroom during trial. The USAO does not object, but asks that the victims, James Hoffman and Malcom Best, be permitted to attend trial if they so elect. The Court **GRANTS** Defendant's motion, consistent with

ORDER ~ 6

Federal Rule of Evidence 615. All witnesses shall be excluded from the courtroom during trial. The victims, James Hoffman and Malcom Best, shall be allowed to attend jury selection and opening statements, and then cannot attend trial until after they testify.

**D.    Defendant's Motion for Jury to View the Crime Scene**

Defendant moves the Court to allow the jury to view the crime scene, arguing that the sketch of the VAMC emergency department provided by the USAO inadequately describes the physical outlay of that facility. The USAO argues that the sketch of the physical layout and additional photographs of the VAMC will suffice.

The Court has broad discretion when determining whether to permit a jury to be gathered together and transported to the crime scene. *Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967). Considerations include whether other evidence, such as photographs, would be sufficient, *id.*, or whether the average juror is familiar with the type of location and could understand it from photographs or diagrams. *See, e.g., United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997). Although the average juror is generally familiar with an emergency room, based on this sketch alone, it will be difficult to recreate the layout of the emergency room in a manner that allows the jury to thoroughly understand the events in question. Defendant has not, however, explained why the defense team cannot videotape or photograph the VAMC emergency room. Accordingly, the Court **DENIES** Defendant's motion **WITH LEAVE TO RENEW** upon a showing that the defense team cannot reasonably access the VAMC emergency room for documentation.

**E.    Defendant's Oral Motion to Continue Trial**

ORDER ~ 7

Defendant orally moved to continue trial for sixty (60) days to allow defense counsel to investigate what he believes to be a "new direction" this trial has taken. Defendant refers to allegations that Defendant was not trained in the way that defense expert Dr. William Brown described during his *Daubert* testimony, which forms the the basis for his expert opinion. The Court **DENIES** Defendant's request to continue trial; however, Defendant shall retain the right to renew his trial continuance request by motion.

**F.   Defendant's Motion to Extend Pretrial Motion Deadline**

If the Court declines to extend the trial date, then Defendant seeks to extend the deadline for pretrial motions, which is currently set for September 22, 2010. The Court **GRANTS** Defendant's request to extend the pretrial motion deadline. The parties shall file all pretrial motions **no later than October 12, 2010,** to be heard at the final pretrial conference on October 20, 2010. Responses shall be filed no later than October 15, 2010; replies shall be filed no later than noon (12:00 p.m.) on October 18, 2010. No extensions to these deadlines will be granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Renewed Motion for Order Compelling Discovery/Alternatively to Grant Order to Issue Subpoenas **(Ct. Rec. 232)** is **GRANTED IN PART**.

2. Defendant's Motion to Modify Conditions of Release **(Ct. Rec. 252)** is **DENIED**.

3. Defendant's Motion in Limine **(Ct. Rec. 256)** is **DENIED AS MOOT WITH LEAVE TO RENEW.**

ORDER ~ 8

4.  Defendant's Motion for Jury to View Crime Scene **(Ct. Rec. 257)** is **DENIED WITH LEAVE TO RENEW**.

5.  Defendant's Oral Motion to Continue Trial is **DENIED WITH LEAVE TO RENEW**.

6.  Defendant's Motion to Extend Pretrial Motions Deadline **(Ct. Rec. 259)** is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide a copy to counsel and the U.S. Marshal.

**DATED** this ___5th___ day of October 2010.


S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2009\131.PTC.wpd

ORDER ~ 9